UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

THOMAS NEWTON,

    Defendant (3).

_____/

Case No. 18-cv-20483

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE [#165]**

**I. INTRODUCTION**

On March 11, 2019, Defendant Thomas Newton pled guilty to four counts of bank fraud in violation of 18 U.S.C. § 1344 and one count of aggravated identify theft in violation of 18 U.S.C. § 1028A(a)(1). ECF No. 100. Specifically, Defendant's Rule 11 Agreement states that Newton knowingly defrauded financial institutions by depositing five fraudulent checks and unlawfully withdrawing those funds from Flagstar Bank and Monroe Bank & Trust. *Id.* at PageID.336. On June 21, 2019, Defendant was sentenced to 54 months imprisonment. ECF No. 117, PageID.472.

Presently before the Court is the Defendant's Motion to Reduce Sentence, which the Court construed as a Motion for Compassionate Release. ECF No. 157.

Following this Court's Order on June 24, 2020, Defendant's counsel submitted a supplemental brief. ECF No. 165. The Government filed a Response on July 14, 2020. ECF No. 169. Defendant filed a Reply on July 20, 2020. ECF No. 171. Upon review of the parties' submissions, the Court concludes that oral argument will not aid in the disposition of this matter. Therefore, the Court will resolve the instant motion on the briefs. *See* E.D. Mich. L.R. § 7.1(f)(2). For the reasons that follow, the Court will DENY the Defendant's Motion [#165].

## II. FACTUAL BACKGROUND

Defendant Thomas Newton was sentenced on June 21, 2019 to serve 54 months in custody. *See* ECF No. 117. Defendant pled guilty to four counts of bank fraud in violation of 18 U.S.C. § 1344 and one count of aggravated identify theft in violation of 18 U.S.C. § 1028A(a)(1). ECF No. 100. According to his Rule 11 Agreement, Newton and co-defendants "knowingly participated in a scheme to defraud financial institutions and to obtain money and funds owned by and under custody and control of financial institutions." *Id.* at PageID.336. This conduct occurred from about October 6, 2017 to July 17, 2018. *Id.* Specifically, Defendant deposited five checks into Flagstar Bank and Monroe Bank & Trust accounts on at least four separate occasions. *Id.* at PageID.336-337. Defendant knew that the five checks were "fraudulently obtained, fraudulently written, and fraudulently

deposited" with the intent to deceive the targeted financial institutions. *Id.* at PageID.337-338.

Defendant now moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) due to the threat of COVID-19. ECF Nos. 157, 165. Defendant is twenty-five years old and is serving his sentence at the Federal Correctional Institute in Terre Haute, Indiana. Defendant is set to be released on September 2, 2022.

In his instant Motion, Defendant argues that his "history of asthma, drug abuse, and unidentified allergic reactions in prison, as well as the trauma his body suffered due to gunshot wounds," amount to compelling and extraordinary circumstances warranting his early release. ECF No. 165, PageID.821-822. Further, Defendant notes that his mother has multiple sclerosis and believes "that he should be at home working and providing for his mother and younger sister." *Id.* at PageID.823; ECF No. 157, PageID.778-779. He therefore requests that the Court grant him early release from his sentence.

### III. ANALYSIS

#### A. Standard of Review

Title 18 U.S.C. § 3582(c)(1)(A) governs this Court's authority to consider motions for compassionate release. As amended by the First Step Act of 2018, the relevant statutory language provides that a court may grant compassionate release under the following circumstances:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction.

18 U.S.C. § 3582(c)(1)(A)(i). Accordingly, a court must address two key questions. The first is whether a defendant has first exhausted all administrative remedies with the BOP. The second is whether, after considering "extraordinary and compelling reasons," as well as the sentencing factors set forth in 18 U.S.C. § 3553(a), warrant a sentence reduction.

Moreover, a sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). U.S. Sentencing Guidelines Manual § 1B1.13 is the "applicable policy statement" which this Court must comply with. This section explains that a defendant must "not [be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g). Further, a defendant must fit within at least one of four categories of "extraordinary and compelling reasons." Application Note 1 to U.S.S.G. § 1B1.13 provides, in relevant parts, when extraordinary and compelling reasons exist:

4

      (A) Medical Condition of the Defendant

        (ii) The defendant is (I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

…

(D) Other Reasons – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

Here, Defendant asserts that his documented medical conditions, combined with his continued incarceration during the COVID-19 pandemic, place him at an elevated risk of serious complications if he were to contract COVID-19. ECF No. 165, PageID.821-822. Defendant additionally states that the 18 U.S.C. § 3553(a) factors favor his release because he has participated in various "educational and rehabilitative programs and incurred no prison discipline," and is therefore not a danger to the community. *Id.*

**B. Exhaustion**

The First Step Act of 2018 amended 18 U.S.C. § 3582 to permit defendants to move for compassionate release themselves. First Step Act § 603(b), Pub. L. No. 115-319, 132 Stat. 5194, 5239 (Dec. 21, 2018). In a defendant-initiated motion for compassionate release, the district court may not act on the motion unless the

defendant files it "after" either completing the administrative process within the BOP or waiting thirty days from when the warden at the facility received his or her request. 18 U.S.C. § 3582(c)(1)(A).

The Sixth Circuit recently held that while the administrative exhaustion requirements under § 3582(c)(1)(A) are not jurisdictional, they are mandatory. *United States v. Alam*, 960 F.3d 831, 2020 U.S. App. LEXIS 17321 (6th Cir. 2020). In *Alam*, the Sixth Circuit rejected defendant's argument that the "unprecedented" nature of the COVID-19 pandemic should serve as an exception to the statute's exhaustion requirement. *Id.* at *11 (concluding that "[t]hirty days hardly rises to the level of an unreasonable or indefinite timeframe.") (internal quotation marks omitted).

Here, the Government does not raise the issue of exhaustion. ECF No. 169, PageID.911. Indeed, Defendant petitioned the warden for consideration for compassionate release on May 20, 2020. ECF No. 165-3, PageID.843. The warden denied that request on June 17, 2020. ECF No. 165-4, PageID.847. Accordingly, Defendant has exhausted his administrative remedies with the BOP.

### C. Extraordinary and Compelling Reasons

As discussed *supra*, for a court to grant compassionate release, a defendant must also demonstrate that "extraordinary and compelling reasons" exist to warrant a reduction in sentence. 18 U.S.C. § 3582(c). The Sentencing Commission has

provided guidance about what constitutes "extraordinary and compelling reasons" in Section 1B1.13 of the Sentencing Guidelines. U.S.S.G. § 1B1.13. These reasons are classified in four categories: (1) the defendant's medical condition; (2) the defendant's age; (3) family circumstances; and (4) additional reasons "other than, or in combination with" the first three elements. *Id.* at cmt. n.1(A)-(D).

Here, Defendant has not demonstrated that extraordinary and compelling reasons exist to warrant his release from FCI Terre Haute. Looking at his medical conditions, Newton's records show that he has exercise-induced asthma that was diagnosed in childhood. ECF No. 165-5, PageID.849. He uses an Albuterol inhaler as necessary to treat his asthma. *Id.* Defendant also notes that he has experienced undiagnosed allergic episodes, a gunshot wound causing chronic pain, and severe cannabis use disorder. ECF No. 165, PageID.830-831. According to the Centers for Disease Control and Prevention ("CDC"), the only relevant condition that places Defendant at a higher risk for severe illness from COVID-19 is his asthma. *See People Who Are at Higher Risk for Severe Illness*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last updated July 30, 2020).

Defendant's exercise-induced asthma by itself is not sufficient to warrant early release under the compassionate release standard. Defendant is also forty years younger than the CDC's classification of adults sixty-five years and older who are

at higher risk of COVID-19 complications. Other district courts have granted compassionate release only upon a finding of numerous and severe medical conditions that place them at a significantly higher risk for severe illness from COVID-19. *See, e.g., United States v. Doshi*, No. 13-CR-20349, 2020 WL 2556794 (E.D. Mich. May 20, 2020) (granting compassionate release for an elderly inmate with hypertension, diabetes, asthma, hyperlipidemia, and other preexisting conditions); *Miller v. United States*, No. CR 16-20222-1, 2020 WL 1814084, at *1 (E.D. Mich. Apr. 9, 2020) ("The CDC also states that individuals with underlying medical conditions, such as a chronic lung disease, a serious heart condition, and liver disease, have a higher risk of severe illness ... Miller suffers from all three.").

The Court takes notice of Defendant's argument that he also seeks compassionate release because his mother has multiple sclerosis and he wishes to work and provide for her during the pandemic. ECF No. 157, PageID.778. However, the fact that Defendant's mother suffers from medical hardships, while unfortunate, does not in and of itself create a compelling reason to release Defendant. *See United States v. Wilson,* No. 15-20281, 2020 WL 3172647, at *3 (E.D. Mich. June 15, 2020). While the Court empathizes with Defendant's family's difficult situation, Defendant has failed to establish that these circumstances are extraordinary and compelling for this Court to grant him his requested relief.

In sum, upon consideration of precedent for granting compassionate release and the particular facts of his case, Defendant has not presented extraordinary and compelling circumstances, either from his own or his family's medical conditions, that warrant his early release.

### 1. Determination of Dangerousness to the Community and the 18 U.S.C. § 3553(a) Factors

As a final matter, a district court must determine that the defendant does not present a danger to the community, as provided in 18 U.S.C. § 3142(g). *See* U.S.S.G. § 1B1.13. Additionally, the court must also consider the sentencing factors under 18 U.S.C. § 3553(a) and determine whether such factors support or undermine the sentence reduction. *See id.*

Here, the Government argues that Defendant is ineligible for compassionate release because he is a danger to the community. ECF No. 160, PageID.805. It highlights the strain of limited resources which society's first responders are currently operating within during the COVID-19 pandemic. *Id.* Defendant asserts that he is not a danger to the community because his underlying offense was non-violent, and he has maintained a clean disciplinary record while at FCI Terre Haute. ECF No. 165, PageID.822. Newton further states that his "rehabilitative, educational, and vocational efforts [while incarcerated] are compelling" and demonstrate that he will not be a danger to the community if he is released. ECF No. 171, PageID.929-930.

Nevertheless, the Court concludes that a non-violent offender like Defendant, who was involved in a complex, multi-defendant conspiracy scheme to commit identity theft and defraud financial institutions, may qualify as a danger and thus forecloses relief requesting early release. The Court sentenced Defendant to fifty-four months imprisonment, which reflects the seriousness of the offense and the high degree of Defendant's involvement in the fraudulent activity. The Court did not and continues to not treat Defendant's conduct lightly.

The Court also agrees with the Government that consideration of the factors set forth in 18 U.S.C. § 3553(a) do not weigh in favor of granting the requested relief. The factors set forth in § 3553(a) include a defendant's history and characteristics; the nature and circumstances of the offense; due consideration of the seriousness of the offenses; promoting respect for the law; providing just punishment; affording adequate deterrence; protecting the public from further crimes by the defendant; and providing him or her with any necessary correctional services and treatment. See 18 U.S.C. § 3553(a).

Here, Defendant has served less than a third of his sentence after participating in a complex scheme to defraud both individuals and financial institutions. The Government asserts that "Newton in particular was a leader and mastermind of this scheme." ECF No. 169, PageID.919. The seriousness of both the offense and Newton's conduct is reflected in the fifty-four-month sentence imposed upon

Defendant. Additionally, the Government notes that Defendant has a prior fleeing conviction and a prior fraud conviction from 2017 that bears factual similarities to the present underlying conviction. In fact, Defendant was on probation for an earlier identity theft conviction when he was arrested for his conduct in this case. Together, these facts do not indicate that early release is warranted at this time.

In sum, the Court finds that granting Defendant compassionate release at this juncture would inappropriately minimize the serious nature of his decision to steal the identities of innocent victims and defraud financial institutions for monetary gain. Accordingly, the § 3553(a) sentencing factors also weigh against Defendant's early release.

### IV. CONCLUSION

For the reasons discussed herein the Court will **DENY** Defendant's Motion for Compassionate Release [#165].

**IT IS SO ORDERED.**

s/Gershwin A. Drain_____
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: August 11, 2020

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and on Thomas Newton, No. 57011-039, Terre Haute Federal Correctional Institution, 4200 Bureau Road North, Terre Haute, Indiana 47808 on August 11, 2020, by electronic and/or ordinary mail.

<u>/s/ Teresa McGovern</u>
Case Manager